Green, J.
delivered the opinion of the court.
The complainant, as coroner of White county, received into his hands an execution against J. T. Bradley, sheriff of said county, and his sureties, in favor of the defendant Glenn. Doyle, the coroner, failed to return the execution according to law; an alias execution was sued out and put in the hands of Little, the successor of Doyle as coroner, who made part of the money and paid it over to Glenn.
A judgment was then taken, by motion, againt Doyle and his *310 sureties, by Glenn, for the balance due on his execution together with damages and costs. This bill is filed to enjoin said judgment, and alleges that the execution was held up by the direction of the attorney of Glenn, in pursuance of an arrangement between himself and Bradley.
The bill also alleges, that Little, the coroner, in whose hands the alias execution was placed, levied on the property of Bradley and his sureties, sufficient to satisfy the same, and insists that said levy ought to be regarded as a satisfaction of defendant’s execution, and ought to release complainant Doyle and his sureties from liability.
The answer of Doyle denies that his attorney authorized the complainant to hold up the execution; and denies that the money could have been made by virtue of the alias execution; that the defendants in that execution enjoined the sale of the property levied on, &c.
There is no proof that Glenn’s attorney authorized the coroner to hold up the execution as charged in the bill. It appears from an endorsement of Little, the coroner, in whose hands the alias fi.fa. was placed, that he levied upon a wagon and six horses, as the property of England, one of the defendants, worth 550 dollars. It does not appear what disposition was made of said property, but it is shown that England paid $170. This sum was credited when the judgment in this case was taken. We are of opinion that the complainant is entitled to no relief in this court. If the issuance of an alias fi.fa. after he had been guilty of the default in the non-return of Glenn’s first execution would operate as a waiver of the right of Glenn to have a judgment against Doyle for such default, the complainant should have availed himself of that defence on the trial at law; and not having done so, he cannot set it up here.
But it has been decided by this court, in several cases, that the issuance of another execution is not a waiver of the right of motion against a defaulting officer; and more especially is this the case where such execution is issued at the instance and for the benefit of such defaulter.
But the complainants’ counsel insist, that Doyle has a right to' be-substituted to all the right of Glenn, against Bradley and *311 his sureties. This cannot be. He has no equity, by reason of the judgment against him for failing to do his duty as an officer. The law malves him liable for the amount of the execution as a penalty for his default; and certainly he can base no equity upon a wrong for which the law inflicts a penalty upon him. Upon the whole, we think the complainant has shown no ground of defence against this judgment; and if the matters set up in his bill could have availed to resist Glenn’s claim, they were all proper defences in the trial at law, and cannot now be insisted on.
Affirm the judgment.